IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHH MORTGAGE CORPORATION,

           Plaintiff,

v.                                            Case No. 22-1075-JWB

JOSEPH SCOTT STUBER; CHISOLM CREEK
CONDOMINIUM HOA; JOHN DOE; JANE DOE;
ESTHER KAY MANNS; KANSAS DEPARTMENT
FOR CHILDREN AND FAMILIES, *et al.*,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 6.) For the reasons stated herein, the court concludes Plaintiff has failed to show that this court has subject matter jurisdiction. The action is accordingly DIMISSED without prejudice.

**I. Facts and Procedural Background**

Plaintiff filed this action seeking foreclosure of a mortgage on a condominium in Wichita, Kansas. (Doc. 1 at 5.) The complaint alleges that jurisdiction is proper "pursuant to 28 U.S.C. 1332 as the parties are citizens of different states and the amount in controversy is greater than $75,000.00." (*Id.* at 4.) Aside from this assertion, however, the complaint does not include allegations showing the citizenship of the parties. One of the named Defendants is the Kansas Department for Children and Families ("KDCF"), which according to the complaint "may have an interest in the Property as a result of a judgment entered in Case Number 1999-DM0001808-PA."

(*Id.* at 8.) The complaint alleges that KDCF's interest is junior and subordinate to Plaintiff's mortgage. (*Id.*)

After reviewing the complaint, the court sua sponte issued a show cause order noting:

> No allegations are made to show the citizenship of any of the named parties. Plaintiff's principal place of business is not set forth. No allegations are made concerning the citizenship of the individuals named as Defendants. No allegations are made to show the nature of the HOA named as a Defendant or to show its citizenship. And no allegations are made to show that diversity jurisdiction is proper when one of the named Defendants – the Kansas Department of Children and Families – is a state agency.

(Doc. 5 at 3.) Included in that order was a discussion of standards relating to citizenship of a governmental entity such as the KDCF:

> "States are not 'citizens' for purposes of diversity jurisdiction." *McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 6822654, at *2 (D. Kan. Nov. 17, 2016) (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction.")). Thus, if a state agency is an arm of the state, "the action cannot be maintained in a federal court based on diversity of citizenship." *Id*. (citing inter alia *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929*)). See also Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 571 n.2 (5th Cir. 2015) ("Ordinarily '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.'").

(*Id*. at 2-3.) The order directed Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction.

Plaintiff's response to the show cause order alleged facts showing the citizenship of Plaintiff (New Jersey and Florida) and Defendant Chisolm Creek HOA (Kansas). (Doc. 6 at 2.) It also asserted that Defendants Stuber and Manns "are individuals and are residents of Kansas," and that Defendant KDCF "is a Kansas governmental entity." (*Id.*)

## II. Jurisdictional Standards

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Congress has

2

authorized federal district courts to hear two principal types of disputes: those arising under federal law and those between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted.) "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.") (citation omitted.)

As the court noted in its show cause order, an individual "is a citizen of a state if the person is domiciled in that state," "[a]nd a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *FLT Douglas Equity, LLC v. Talos Holdings, LLC*, No. 18-2669-DDC-KGG, 2019 WL 3288507, at *2 (D. Kan. July 22, 2019) (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). States, on the other hand, "are not 'citizens' for purposes of diversity jurisdiction." *McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 6822654, at *2 (D. Kan. Nov. 17, 2016) (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction.")). Accordingly, if a state agency is effectively an arm of the State, "the action cannot be maintained in a federal court based on diversity of citizenship." *Id.* (citing *inter alia State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929)). *See also Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 571 n.2 (5th Cir. 2015) ("Ordinarily '[i]n an action where a

3

state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.'").

### III. Analysis

Plaintiff's allegations relating to the citizenship of individual Defendants may be technically deficient insofar as they assert only that these individuals are "residents" of Kansas. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.") (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir.1972) ("an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court.") (quotations omitted)). Those defects could likely be overcome by simple amendment. But the same is not true as to the citizenship of the KDCF. Plaintiff has failed to set forth any facts to show or suggest that this court has diversity jurisdiction over a suit in which the KDCF is a party.

In *Moor* the Supreme Court held that a state is not a citizen for diversity purposes. Case law applies the same rule to a state agency that is an "arm or alter ego" of the state.[1] *See McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 6822654, at *2 (D. Kan. Nov. 17, 2016) ("The determination of whether a state agency is a citizen for purposes of diversity of citizenship has generally been based on whether the agency is an arm or alter ego of the state, thus making the state the real party in interest. Consequently, where a state is the real party in interest to an action, the action cannot be maintained in a federal court based on diversity of citizenship.") For diversity jurisdiction to exist, there must be "complete diversity," which exists when "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."

---

[1] By contrast, a political subdivision (such as a county or other municipality) is considered a citizen because it is more akin to a corporation, which is a citizen of a state for purposes of diversity jurisdiction. *Moor*, 411 U.S. at 718.

*Kansas State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1293 (D. Kan. 2009) (quoting *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir.1990)).  If an agency party is an arm of the state, "then its presence destroys diversity jurisdiction, because the statute requires a suit between citizens of different states." *Id.* (citing *Title Guar. Co. v. Allen*, 240 U.S. 136, 140 (1916)).

      The factors that determine whether an agency is an arm of the state are essentially the same as those used in determining whether the agency is entitled to Eleventh Amendment immunity. *See Kansas Pub. Emps. Ret. Sys. v. Boatmen's First Nat. Bank of Kansas City*, 982 F. Supp. 806, 807 (D. Kan. 1997) ("The test is 'the same as that used to determine whether a 'state is the real, substantial party in interest and [thus] entitled to invoke its sovereign immunity,' or to assess whether an agency is sufficiently an arm of the state to qualify for the protection of the Eleventh Amendment.'")  Courts in this district have determined that KDCF is an arm of the State of Kansas under this test. *See Thomas v. Kansas Dep't for Child. & Fams.*, No. 21-1101-EFM, 2021 WL 6062598, at *2 (D. Kan. Dec. 22, 2021) ("KDCF and KDOR are protected by Eleventh Amendment immunity.  Both Defendants are arms of the State of Kansas for purposes of the Eleventh Amendment…."); *Sampat v. Dep't of Child. & Fams. Disability Determination Servs.*, No. 20-4070-JWB, 2021 WL 2017409, at *2 (D. Kan. May 20, 2021) ("It is clear that DCF is immune from suit in this court from claims brought under sections 1981 and 1983 as well as to any claims under the ADEA."); *McCollum v. Kansas*, No. 14-1049-EFM-KMH, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014), aff'd, 599 F. App'x 841 (10th Cir. 2015) (explaining that "DCF is the agency through which the state acts in all matters that relate to children who are found to be in need of care" and thus is "an arm of the state" immune from suit under the Eleventh Amendment); *Hobbs v. Kansas Dep't for Child. & Fams.*, No. CV 19-1307-KHV, 2021 WL

5

1390380, at *1 (D. Kan. Apr. 13, 2021) ("Because DCF is an arm of the state, the Court does not have jurisdiction over plaintiff's claims for relief against it.").

Plaintiff has the burden of alleging facts to show that this court has subject matter jurisdiction. It has not done so. At this point, the court has no alternative but to dismiss the case for lack of subject matter jurisdiction. *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.")

### IV. Conclusion

The action is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. IT IS SO ORDERED this 30th day of September, 2022.

　　　　　　　　　　　　　　　　　　　s/ John W. Broomes　　　　　　
　　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE