IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHH MORTGAGE CORPORATION,

        Plaintiff,

v.                                         Case No. 22-1075-JWB

JOSEPH SCOTT STUBER; CHISOLM CREEK
CONDOMINIUM HOA; JOHN DOE; JANE DOE;
ESTHER KAY MANNS; KANSAS DEPARTMENT
FOR CHILDREN AND FAMILIES, *et al*.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant/Counterclaimant Joseph Stuber's (hereinafter "Stuber") motion to reopen case (Doc. 36) and Plaintiff's response. (Doc. 37.) For the reasons stated herein, Stuber's motion (Doc. 36) is DENIED.

**I. Background**

Plaintiff brought this action to foreclose a mortgage on a condominium in Wichita, Kansas. Plaintiff allegedly holds a mortgage that was executed by Stuber in 2009 in exchange for a loan of $70,207. (Doc. 1 at 6.) The complaint requests judgment against Stuber in the amount of $80,923.64 and an order for the sale of the property. (*Id.* at 9-10.) The complaint alleges subject matter jurisdiction is proper in this court under 28 U.S.C. § 1332 because the parties "are citizens of different states and the amount in controversy is greater than $75,000.00." (*Id.* at 1.)

After reviewing the complaint, the court issued an order directing Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction. The order pointed out that the complaint failed to allege facts showing the citizenship of the individual Defendants, the

homeowners association Defendant, or the Kansas Department of Children and Families (KDCF). With respect to KDCF, the order pointed out that "States are not 'citizens' for purposes of diversity jurisdiction," and that "if a state agency is an arm of the state, 'the action cannot be maintained in a federal court based on diversity of citizenship.'" (Doc. 5 at 2.) The order stated that if Plaintiff failed to show cause by a specified date, the action "will be dismissed without further notice for lack of subject matter jurisdiction." (*Id.* at 3.) Plaintiff responded to the order with a brief filing that set forth additional allegations about the individual Defendants and the HOA Defendant, but which simply asserted that KDCF "is a Kansas governmental entity." (Doc. 6 at 2.)

Shortly thereafter, Stuber filed an answer to the complaint and a counterclaim. (Doc. 10.) The answer asserted that jurisdiction "is not certain under 28 U.S.C. 1332" and disputed whether the amount in controversy exceeded $75,000. (*Id.* at 1.) Stuber's counterclaim contained a lengthy narrative of regulatory actions against Plaintiff's alleged predecessor-in-interest (Ocwen Loan Servicing, LLC) and of Stuber's mortgage payments and the history of the parties' dispute, including a prior foreclosure action in state court. The answer alleges that Plaintiff improperly failed to credit or apply certain payments made by Stuber. The counterclaim mentions one or more federal regulations but only asserts a claim under the Kansas Consumer Protection Act. (*Id.* at 13-14.) The counterclaim alleges that Stuber's escrow account with Ocwen was overfunded by "at least $4,900" and that its actions were "deceptive and unconscionable act[s] and practice[s] under the Kansas Consumer Protection Act." (*Id.* at 14.) It seeks unspecified damages, civil penalties, and other relief. (*Id.*) It alleges no basis for federal jurisdiction.

The parties filed various motions in the ensuing months. After the court again reviewed the order to show cause and response, however, it became apparent that Plaintiff had failed to show that the court has subject matter jurisdiction under 28 U.S.C. § 1332(a). The court accordingly

ordered that the action be dismissed without prejudice for lack of subject matter jurisdiction. (Doc. 34.) Judgment of dismissal was then entered. (Doc. 35.)

Stuber has now filed a motion to reopen the case, arguing the absence of jurisdiction over Plaintiff's claim does not require dismissal of his counterclaim, and further asserting that "there [are] no diversity of citizenship issues with Stuber's counterclaim" because KDCF is not a party to the counterclaim. (Doc. 36 at 1-2.) Plaintiff's response, meanwhile, asserts that "it now is known that KDCF is not a necessary party to [Plaintiff's] claim," such that the court "should reinstate [Plaintiff's] claims" and grant Plaintiff leave to amend the complaint. (Doc. 37 at 1.) As for the counterclaim, Plaintiff contends the court should deny Stuber's request to reinstate it on the grounds that "his counterclaim is futile." (*Id.*)

**II. Standards**

Although not denominated as such, the parties' requests to "reinstate" their claims amount to motions for relief from the judgment. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. Such motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citation omitted.) But after entry of judgment the public "gains a strong interest in protecting the finality of judgments." *Id.* For that reason, Rule 59 motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted.) In other words, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

3

Rule 60 also permits relief from a final judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud[,] ... misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (citing Fed. R. Civ. P. 60(b)).

### III.  Analysis

Stuber argues the court should reinstate his counterclaim because there is complete diversity of citizenship as to that claim.  There is case law providing that "when a complaint is dismissed for lack of federal jurisdiction, compulsory counterclaims, because they arise out of the same transaction as the original claim, also will be dismissed" but "[i]f an independent jurisdictional basis exists, ... the court is not precluded from determining the merits of the counterclaim despite dismissal of the primary claim." *Burns v. Rockwood Distrib. Co.*, 481 F. Supp. 841, 848 (N.D. Ill. 1979).  *See also Royal Pac. Ltd. v. Faith Elec. Manufacture Co., Ltd.*, No. 17CV357 MCA/KBM, 2018 WL 3242300, at *2 (D.N.M. Apr. 20, 2018) ("[W]here, as here, a counterclaimant denies the basis of the Court's jurisdiction over the primary claims, such denial also casts doubt on the Court's jurisdiction over the counterclaims unless an independent basis exists.")  But even assuming that to be the law, Stuber makes no showing that this court has original subject matter jurisdiction over the counterclaim.  Specifically, the counterclaim fails to allege or show that the amount in controversy on that claim exceeds $75,000.  (Doc. 10 at 14.)  *See* 28 U.S.C. § 1332(a) (diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs).  Thus, the court has no original jurisdiction over the counterclaim. Nor is the exercise of supplemental jurisdiction over the counterclaim appropriate given that the

4

court has found it lacks subject matter jurisdiction over Plaintiff's claim.  *See* 28 U.S.C. § 1367 (district court has supplemental jurisdiction over related claims "in any civil action of which the district courts have original jurisdiction").

As for Plaintiff's assertion that complete diversity exists as to its own claim because "it now is known that KDCF is not a necessary party," (Doc. 37 at 1), that assertion is insufficient to warrant relief under either Rule 59 or Rule 60.  Plaintiff named KDCF as a Defendant in its complaint, and it makes no showing it could not have ascertained prior to the entry of judgment that KDCF was not a necessary party.  Plaintiff was clearly on notice by virtue of the court's show cause order that the presence of KDCF potentially destroyed diversity jurisdiction, yet Plaintiff's only response at the time was to assert that KDCF "is a Kansas governmental entity." (Doc. 6 at 2.)  Plaintiff's latest response fails to assert or explain why it could not have ascertained the facts before entry of judgment.  Nor has Plaintiff shown that the circumstances otherwise warrant relief under Rule 59 or 60.  The parties previously litigated a related dispute in state court and that forum remains available to them for resolution of the current dispute.

**IV.  Conclusion**

Defendant Stuber's motion to reopen the case (Doc. 36) is DENIED.  IT IS SO ORDERED this 23rd day of November, 2022.

                                              s/ John W. Broomes
                                         JOHN W. BROOMES
                                         UNITED STATES DISTRICT JUDGE